# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER AGUAYO,<br><br>Petitioner,<br><br>v.<br><br>HEATHER SHIRLEY, Warden,<br><br>Respondent. | Case No. 5:24-cv-122-FWS-RAO<br><br>**ORDER REOPENING CASE AND ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

The Magistrate Judge issued a Report and Recommendation ("Report") on May 27, 2025, recommending dismissal of this action. Dkt. No. 14. Objections to the Report were due by June 16, 2025, and the Court did not receive any objections by the deadline. On June 27, 2025, the Court accepted the Report, dismissed the action, denied a certificate of appealability, and entered judgment. Dkt. Nos. 15–17.

On July 11, 2025, the Court received a letter from Petitioner Alexander Aguayo with his objections to the Report. Dkt. Nos. 18–19. Petitioner states that he was transferred to Folsom State Prison and did not receive a copy of the Report until June 24, 2025. Dkt. No. 18.

The Court will construe Petitioner's letter as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).

///

Rule 60(b) provides for relief from judgment upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).

The Court finds that Petitioner has shown entitlement to relief from the June 27, 2025, order of dismissal and judgment to allow the Court to consider his objections to the Report.  Because Petitioner did not receive a copy of the Report until after the deadline to file objections had passed, the June 27, 2025, Order Accepting Report and Recommendation, Dkt. No. 15, and Judgment, Dkt. No. 16, are hereby **VACATED**.  The action is **REOPENED** for the purpose of considering Petitioner's objections to the Report.

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions").  Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").  Where no objection has been made, arguments challenging a finding are deemed waived. *See* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file

written objections to such proposed findings and recommendations as provided by rules of court."). Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." *Chith v. Haynes*, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, Dkt. No. 1; Respondent's Answer to the Petition, Dkt. No. 11; the Report, Dkt. No. 14; Petitioner's Objections to the Report, Dkt. No. 19; and all of the records and files herein.

Petitioner argues that his procedural default should be excused because the alleged instructional error results in a miscarriage of justice. Dkt. No. 19 at 2. Petitioner further argues that his double-jeopardy claim is not based on state law and is cognizable on federal habeas review. *Id.* at 2–3. The Court has engaged in a *de novo* review of those portions of the Report to which Plaintiff objected and does not find them persuasive. The Court hereby accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge contained in the Report.

IT IS ORDERED that the Petition is denied, and Judgment shall be entered dismissing this action with prejudice.

DATED: August 28, 2025

HON. FRED W. SLAUGHTER
UNITED STATES DISTRICT JUDGE